FILED'07 JUL 23 14:51 USDC-ORM

RECV'D 07 JUL 23 14:51 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEAN HOUSTON, | Civil No. 05-3092-CL |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| SHERATON CENTRO, | |
| Defendant. | |

CLARKE, Magistrate Judge:

Plaintiff brings this action against defendant Sheraton Centro[1] alleging claims for negligence and personal injury. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant has filed a motion for summary judgment (#49) which plaintiff opposes. The parties have submitted supplemental briefing on specified issues as requested by the Court. For the reasons set forth below, the Court recommends that defendant's motion be granted and this case dismissed.

## I. BACKGROUND

Construing the facts in the light most favorable to the non-movant, the record reveals the following:

---

[1] Defendants Sheraton Hotels & Resorts, Starwood Hotels & Resorts Worldwide, Inc., and Starwood Hotels & Resorts Management Company, Inc., have been dismissed (#44, #54).

Plaintiff incurred an injury on the premises of Hotel Centro on November 6, 2003. (Am. Compl. ¶ 7.) Plaintiff filed her complaint naming defendant Sheraton Centro on October 13, 2006 (#1).

Plaintiff filed a document with the Court indicating that service had been executed on May 8, 2006 (#16).

Plaintiff did not effect service on defendant Sheraton Centro. The document plaintiff attempted to serve on defendant was returned to the United States without being served, due to inconsistencies in the stated answer terms. (Baker Decl. Attach. A Siahou Sitton Guindi Aff. ¶ 5.)

Defendant Sheraton Centro has not been served in this matter. (Baker Decl. Attach. A Siahou Sitton Guindi Aff. ¶¶ 2, 3, 7.)

## II. LEGAL STANDARD

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002). However, the opposing party

must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial.  Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

## III. DISCUSSION

Defendant moves for summary judgment on the ground that plaintiff has failed to commence this action in the time allowed by law.  Defendant contends that Oregon's two-year statute of limitations for personal injury, ORS 12.110(1), applies to this diversity action and that, pursuant to ORS 12.020, an action is deemed commenced when the complaint is filed and summons served on defendant, which in this case has not been done.  In response, plaintiff does not contest defendant's contention that it has not been served with summons and complaint within the time provided by law, but argues that the court, in its discretion, should extend the time in which to effect service upon defendant.  In defendant's supplemental briefing, it contends that, under Oregon law which is applicable in this diversity action, the statute of limitations applicable to plaintiff's negligence claim has run; the limitation period is not tolled under equitable tolling principles or by the fact that it is a Mexican corporation; and this court has no authority to extend the limitations period.  In plaintiff's supplemental briefing, plaintiff recognizes that, under well-established precedent, Oregon law applies, and her case ended under Oregon's requirement that defendant be served with summons within sixty days.

In a federal diversity action brought under state law, as here, "the state statute of limitations controls." Bancorp Leasing and Fin. Corp. v. Agusta Aviation Corp., 813 F.2d 272, 274 (9th Cir. 1987) (citing Walker v. Armco Steel Corp., 446 U.S. 740, 751-53 (1980)); Harvey's Wagon Wheel, Inc. v. Van Blitter, 959 F.2d 153, 157 (9th Cir. 1992) ("Statutes of limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts." (citations and internal quotations omitted)); Lyons v. H & R Transport, Inc., 231 F. Supp.2d 1009, 1011 (D. Or. 2001) (citing Walker, 446 U.S. at 752-53; Ragan v. Merchs. Transfer & Warehouse Co., 337 U.S. 530, 532 (1949)).

Determining when a statute of limitations has run necessitates determining when an action is "commenced" under applicable state law. Walker v. Armco Steel Corporation, 446 U.S. 740, 752-753 (1980); see West v. Conrail, 481 U.S. 35, 39 & n.4 (1987). Federal Rules of Civil Procedure 3, which governs commencement of actions in federal court does not apply in diversity actions for purposes of the statute of limitations. In Oregon, an action is commenced for statute of limitations purposes as to a particular defendant when a complaint is filed and that defendant is served. ORS 12.020(1); see ORCP 3. ORS 12.020(2) provides that, if defendant is served within sixty days after the complaint is filed, the action is deemed to have commenced on the date the complaint was filed. "Therefore, a plaintiff may maintain an action in Oregon even if the defendant is

served after the statute of limitations has expired, provided that service is made within 60 days after the date on which the complaint was filed, and the complaint was filed within the limitations period." Lyons, 231 F. Supp.2d at 1010.

Federal Rules of Civil Procedure Rule 4(m), which provides the time limit that a complaint filed in federal court must be served is a procedural rule, whereas ORS 12.020 "is a statement of a substantive decision by [Oregon] that actual service on, and accordingly actual notice to, the defendant is an integral part of the several policies served by the statute of limitations.'" Torre v. Brickey, 278 F.3d 917, 919-20 (9th Cir. 2002) (applying Oregon law) (quoting Habermehl v. Potter, 153 F.3d 1137, 1139 (10th Cir. 1998); Walker, 446 U.S. at 751)); Pelster *ex rel.* Boyer v. Walker, 185 F. Supp.2d 1174, 1179 (D. Or. 2001) ("state law statutes of limitations and related tolling provisions are not displaced by federal procedural rules").  Further, although a court has authority under Rule 4(m) to extend the time to effect service, "Rule 4(m) does not change the substantive time limitation provisions of state law." Pelster, 185 F. Supp.2d at 1179.  The Court notes that, as pertinent here, the 120-day time limit for service of summons and complaint provided by Rule 4(m) does not apply to service in a foreign country.  Fed. R. Civ. P. 4(f)(h)(m); Lucas v. Natoli, 936 F.2d 432 (9th Cir. 1991) (per curiam) (applying former Rule 4(j), now Rule 4(m)).  This exemption does not assist plaintiff, however, in this diversity case where Oregon service

Report and Recommendation - Page 5

rules control. Pelster, 185 F. Supp.2d at 1180 (Oregon statutes of limitations and related service requirements control when evaluating the timeliness of state law claims).

The only Oregon tolling provision which appears relevant, ORS 12.150, provides that a statute of limitations is tolled during the time a defendant is "out of the state." This tolling statute applies only to Oregon residents and does not apply to a foreign defendant. Fargo v. Dickover, 87 Or. 215, 217 (1918); Butterfield v. Abou-Shaaban, No. 05-CV-639-BR, 2006 WL 2987713, at *3-*4 (Dr. Or. Oct. 16, 2006) (holding ORS 12.150 did not toll statute of limitations in action against Saudi Arabian defendants). It does not appear that Oregon law makes any allowance for service of a defendant located in a foreign country.

Under Oregon law, a cause of action for personal injury "shall be commenced within two years." ORS 12.110(1). Here, plaintiff filed her complaint for personal injury on October 13, 2005, which was within the two year period after she allegedly fell on defendant's premises. However, it is undisputed in the record that plaintiff did not serve defendant within sixty days of the date her complaint was filed as required by Oregon law and, therefore, plaintiff's action was not commenced within the two-year statute of limitations. No tolling provision is applicable. Accordingly, plaintiff's claim is barred by the statute of limitations and defendant's motion for summary judgment should be granted.

## III. RECOMMENDATION

Based on the foregoing, it is recommended that defendant Sheraton Centro's motion for summary judgment (#49) be granted, and that judgment be entered dismissing this case with prejudice as to all defendants.[2]

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to these Findings and Recommendation, if any, are due on August 8, 2007. If objections are filed, any responses to the objections are due 14 days after the objections are filed.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 23 day of July, 2007.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

---

[2] See fn. 1.

Report and Recommendation - Page 7